UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.        ) | Cr. No. 17-037-JJM-PAS |
| ) | |
| HECTOR VALDEZ, ) | |
| Defendant. ) | |

### ORDER

Hector Valdez has petitioned this Court under 18 U.S.C. § 3582(c)(1)(A) for compassionate release. ECF No. 286. After reviewing the Government's objection (ECF No. 291) and Mr. Valdez's reply (ECF No. 293), the Court finds that Mr. Valdez has not shown extraordinary and compelling reasons at this time for granting his motion and thus DENIES his motion without prejudice.

### I.   STANDARD OF REVIEW

Under 18 U.S.C. § 3582(c) and U.S.S.G. § 1B1.13, once a defendant shows that he has exhausted the Bureau of Prisons' ("BOP") administrative process for compassionate release, or thirty days have lapsed without a decision, whichever occurs first, a district court may reduce a defendant's term of imprisonment provided the court determines: (1) extraordinary and compelling reasons warrant the reduction; (2) the defendant will not be a danger to the safety of any other person or the community; and (3) the sentencing factors outlined in 18 U.S.C. § 3553(a) favor release. *See* 18 U.S.C. § 3582(c)(l)(A); U.S.S.G. § 1B1.13; *see also United States v. Miamen*, Cr. No. 18-130-1 WES, 2020 WL 1904490, at *2 (D.R.I. Apr. 17, 2020). "The

defendant carries the burden on a motion for compassionate release." *Miamen*, 2020 WL 1904490, at *2.

## II. DISCUSSION

Mr. Valdez argues that his sentence was unduly harsh and long, he has engaged in rehabilitation, and that he is living under harsh prison conditions. The Government argues in opposition that Mr. Valdez's sentence was a big departure from the guideline range, that the conditions in prison at this time are no harsher for Mr. Valdez than for any other federal prisoner, and that while his rehabilitation is admirable, it cannot be the sole basis for granting his compassionate release motion.

### A. *Unduly harsh and lengthy sentence*

This Court held that Congress intended the compassionate release statute to act as a "safety valve[] for modification of sentences" in certain categories, including "cases in which other extraordinary and compelling circumstances justify a reduction of an unusually long sentence." *See United States v. Vigneau*, C.R. No. 97-cr-33-JJM-LDA, 2020 WL 4345105, at *4 (D.R.I. July 21, 2020) ("The Senate Report from when Congress passed the Comprehensive Crime Control Act of 1984 shows that Congress wanted the courts to be able to reduce 'unusually long sentences,' and to reduce sentences where amended Guidelines suggest a shorter sentence."). This Court found that Congress expressly intended for the compassionate release statute to allow "later review of sentences in particularly compelling situations." S. Rep. No. 98-225, at 121.

Unfortunately for Mr. Valdez, his sentence does not represent one of those unduly harsh or unduly long sentences or another compelling situation requiring his

release. Mr. Valdez pled guilty to conspiracy to distribute and to possess with intent to distribute one kilogram or more of heroin, fentanyl, cocaine base, and cocaine.

At sentencing, the Court commented as follows:

> I look at [your] five or six prior drug convictions. I look at the fact that you were in this country beforehand and were convicted of drug offenses and you were deported and you came back; and you came back not because you had family here that you wanted to stay with and build a new life, which so many people that come here without documents do, you came back here to continue to sell drugs. *** And it is very rare in this courthouse or any other courthouse that we see -- that we sentence people for drug violations that are as big and as extensive as yours and that cause so much harm to our community. I've never seen it before. *** If your involvement was less than your brothers, so noted, but your involvement as the head of this drug trafficking organization has wreaked countless amounts of damage to people. So you're getting a break of the five levels, you're getting a break because the law has changed, and I think that serves the ends of justice adequately.

ECF No. 233 at 30-33. The Court's view of the sentence it imposed for Mr. Valdez's serious crimes has not changed; the sentence was not unduly harsh or long in light of the crime itself and the impact his crimes have had on the community.

B.   *Harsh Prison Conditions*

Mr. Valdez asserts that the pandemic caused harsh conditions qualify as extraordinary and compelling reasons for his compassionate release. It is true that pandemic-related harsh conditions in BOP facilities have led many courts, including this one, to grant motions for compassionate release. But the conditions to which Mr. Valdez cites such as restricted visitation and limited outdoor recreation and religious services are common to all federal prisoners. These conditions do not present extraordinary and compelling reasons for release.

### C. Rehabilitation

Finally, Mr. Valdez argues that the Court should consider his work toward rehabilitation while in BOP custody in support of his compassionate release motion. But Congress explicitly directed that "rehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason." 28 U.S.C. § 994(t). The Court has already dismissed Mr. Valdez's other arguments, and, without other extraordinary and compelling reasons, the Court must deny the motion.

## III. CONCLUSION

The Court finds that Mr. Valdez has failed to establish extraordinary and compelling reasons in support of his compassionate release motion. *See* 18 U.S.C. § 3582(c)(1)(A). The Court therefore DENIES his Motion for Compassionate Release. ECF No. 286.

IT IS SO ORDERED.

_____
John J. McConnell, Jr.
Chief United States District Judge

August 17, 2022